IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

EDMUND WOODBURY, individually and on )
behalf of all others similarly situated,        )
                                                          )
                 Plaintiff,                          )
                                                          )
vs.                                                     )   Case No: 03-L-1362
                                                          )
TEMPLETON GLOBAL SMALLER        )   **JURY TRIAL DEMANDED**
COMPANIES FUND, INC. and             )
TEMPLETON INVESTMENT COUNSEL, )
LLC,                                                   )
                                                          )
                 Defendants.                       )

*05-cv-301 MJR*

**ANSWER OF
TEMPLETON GLOBAL SMALLER COMPANIES FUND, INC.
TO THE COMPLAINT**

Defendant Templeton Global Smaller Companies Fund, Inc. (the "Fund" or "Fund, Inc.") answers the Complaint as follows:

The Fund denies the allegations in the Complaint about or pertinent to the Fund, Templeton Investment Counsel, LLC ("Investment Counsel") and plaintiff Edmund Woodbury unless expressly admitted or otherwise responded to as follows:

| **Para.** | **Response** |
|---|---|
| 1. | Denies knowledge or information sufficient to form a belief as to the truth of the allegations about Edmund Woodbury's residence. |
| 2. | Denies, except admits that the Fund is a Maryland corporation with its principal place of business in Fort Lauderdale, Florida, and asserts that a uniform investment company notice filing was filed with the State of Illinois for the Fund. |

**EXHIBIT**

D

3.             Denies, except admits that Investment Counsel is a Delaware limited liability company with its principal place of business in Fort Lauderdale, Florida; that the day-to-day tasks associated with running the business of the Fund, such as investment management, share marketing, distribution, redemption, financial and regulatory reporting and custodianship of funds are contracted out since it has no employees; that Investment Counsel is under contract to serve as the investment manager for the Fund, and that Investment Counsel selects the Fund's investments.

4.             Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

5.-6.         Denies.

7.             Denies, except admits that the foreign securities purchased by the Fund for its portfolio are traded principally in securities markets outside of the United States.

8.             Denies.

9.             Denies, except admits that, in general, shares of open end mutual funds are sold to investors at a price based upon the net asset value ("NAV") per share plus any applicable charges; and that those investors may redeem their share(s) at the NAV of the share(s) less any applicable charges.

10.            Admits.

11.            Denies, except admits that sales and redemption prices are based upon the NAV which in turn depends, in part, upon the fluctuating value of the Fund's underlying portfolio of securities; the NAV is recalculated every

business day; and that the Fund share price (NAV) is set once every business day at the close of trading on the New York Stock Exchange.

12.      Denies, except admits that a significant portion of the securities in the Fund are foreign securities; the home markets for such foreign securities may include London, Paris, Frankfurt, Moscow, Singapore, Kuala Lumpur, Hong Kong, Taipei, Tokyo and Sydney; and those markets are located in time zones that are approximately five hours to fifteen hours ahead of Eastern Standard Time.

13.      Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about "[s]tudies of world financial markets"; and "positive correlation[s]", particularly between movements in the United States market and movements in foreign markets.

14.-15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16.      Denies.

17.      Denies, except admits on information and belief that the securities markets in Australia, Japan, Taiwan, Hong Kong, Malaysia, Singapore, Russia, Germany, France and the United Kingdom have traded for an entire session before the NAV is set for the Fund.

18.      Denies, except admits on information and belief that the exchange located in Sydney, Australia observes normal trading hours of 10:00 a.m. to 4:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:00 p.m. local time (often at 2:00 a.m. Eastern time).

19.     Denies, except admits on information and belief that the exchange located
        in Tokyo, Japan observes normal trading hours of 9:00 a.m. to 3:00 p.m.
        local time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 3:00
        p.m. local time (often at 2:00 a.m. Eastern time).

20.     Denies, except admits on information and belief that the exchange located
        in Taipei, Taiwan observes normal trading hours of 9:00 a.m. to 1:30 p.m.
        local time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 1:30
        p.m. local time (often at 1:30 a.m. Eastern time).

21.     Denies, except admits on information and belief that the exchange located
        in Hong Kong observes normal trading hours of 10:00 a.m. to 4:00 p.m.
        local time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 4:00
        p.m. local time (often at 4:00 a.m. Eastern time).

22.     Denies, except admits on information and belief that the exchange located
        in Kuala Lumpur, Malaysia observes normal trading hours of 9:30 a.m. to
        5:00 p.m. local time; and that, in general, active trading of securities
        traded on this exchange ends, and closing prices for those securities are
        posted at 5:00 p.m. local time (often at 5:00 a.m. Eastern time).

23.     Denies, except admits on information and belief that the exchange located
        in Singapore observes normal trading hours of 9:00 a.m. to 5:00 p.m. local
        time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 5:00
        p.m. local time (often at 5:00 a.m. Eastern time).

24.     Denies.

4

25.      Denies, except admits on information and belief that the exchange located in Frankfurt, Germany observes normal trading hours of 9:00 a.m. to 8:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 8:00 p.m. local time (often at 2:00 p.m. Eastern time).

26.      Denies, except admits on information and belief that the exchange located in Paris, France observes normal trading hours of 9:00 a.m. to 5:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 5:30 p.m. local time (often at 11:30 a.m. Eastern time).

27.      Denies, except admits on information and belief that the exchange located in London, England observes normal trading hours of 8:00 a.m. to 4:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:30 p.m. local time (often at 11:30 a.m. Eastern time).

28.      Denies, except admits that a portion of the underlying securities of the Fund are listed on foreign exchanges and trade during each market's respective session.

29.      Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what the "market timing strategy stems from"; what "[m]arket timing traders are able to predict"; and the "stale price strategy of market timers."

30.-33.    Denies.

34.      Denies, except admits that cash held by the Fund is one of the assets that is

valued in setting its NAV; and asserts that any such alleged injury suffered by the shareholders would be derivative of, and not separate or distinct from, any such injury to the Fund.

35.     Denies.

36.     Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what "market timers" consider "an attractive low risk trading vehicle."

37.     Denies, except admits that plaintiff Purports to bring this action as a class action.

38.-43.     Denies.

44.     Repeats and realleges its responses to the paragraphs incorporated by reference therein.

45.     Denies, except respectfully refers to the prospectus for a correct statement of its contents.

46.     Denies, except declines to respond to matters of law (particularly what the board of directors is "required" to review and approve); and admits that Investment Counsel serves as the investment manger of the Fund; provides portfolio management services to and selects the securities for the Fund to buy, hold or sell; and further asserts that Investment Counsel receives fees based on the percentage of assets under management for managing the Fund's assets.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

6

48.         Denies, except asserts that Investment Counsel in its role as investment
            manager of the Fund used the skill and care ordinarily used by reasonably
            well-qualified members of their profession.

49.         Declines to respond to matters of law.

50.-52.     Denies.

53.         Repeats and realleges its responses to the paragraphs incorporated by
            reference therein.

54.         Declines to respond to matters of law, and respectfully refers to the
            "January 1, 1965 [sic], applicable published regulations" for their
            contents.

55.-56.     Denies.

## Additional and Affirmative Defenses

Without waiving its denial of liability, Fund, Inc. alleges the following additional
and affirmative defenses:

## First Affirmative Defense

To the extent that any portion of the claims asserted in the Complaint are
individual claims, they would be claims in connection with the purchase or sale of
securities, and therefore exist only (if at all) under the federal securities laws.  As
provided in the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C.
§ 78bb(f), no state law claim can be maintained as to such matters.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

### Third Affirmative Defense

The Complaint fails to state a claim against the defendants upon which relief may be granted.

### Fourth Affirmative Defense

The claims asserted in the Complaint are derivative claims, not class claims, and this action is not properly brought as a class action.

### Fifth Affirmative Defense

The Complaint, which asserts solely derivative claims, fails to allege the efforts, if any, made to make demand on the Fund's Board of Directors to take the actions Plaintiff desires and the reasons for his failure to obtain the action or for not making the effort.

### Sixth Affirmative Defense

Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements for maintenance of a class action under Illinois law.

### Seventh Affirmative Defense

The claims asserted by Plaintiff are preempted by federal law. The claims relate to the pricing of portfolio securities of the Fund. This entire matter is the subject of a complex, nationwide regulatory scheme administered by the Securities and Exchange Commission through rules, regulations and regular audits and is not a matter appropriately before this Court.

### Eighth Affirmative Defense

The Complaint fails to allege a legally cognizable theory of damages.

### Ninth Affirmative Defense

The claims against Defendants are barred in whole or in part by the applicable statutes of limitation.

### Tenth Affirmative Defense

The claims asserted by Plaintiff are barred by the doctrines of laches, waiver, estoppel and ratification.

### Eleventh Affirmative Defense

Venue is not proper in this Court.

### Twelfth Affirmative Defense

The Court lacks personal jurisdiction over the defendants.

### Thirteenth Affirmative Defense

Plaintiff lacks standing to assert the claims in the Complaint.

### Fourteenth Affirmative Defense

The claims of Plaintiff and the members of the purported class are barred because they have incurred no damages as a result of Defendants' alleged conduct and/or have failed to mitigate their damages.

### Fifteenth Affirmative Defense

In the event that Plaintiff's purported class is certified, Fund, Inc. reserves the right to assert any and all other and further defenses against any member of any class that may be certified.

### Sixteenth Affirmative Defense

Fund, Inc. states that Plaintiff has not stated and cannot state a claim for punitive damages for one or more of the following reasons:

A. The recovery of punitive damages in the circumstances of this case violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and would be based upon a standard which is unconstitutionally vague.

B. The recovery of punitive damages in the circumstances of this case would violate substantive due process, as afforded under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that the defendants may be subject to multiple awards for a single course of conduct.

C. The imposition of punitive damages in the circumstances of this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

D. The recovery of punitive damages in the circumstances of this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution.

E. The recovery of punitive damages in the circumstances of this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because there are no realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

F. The recovery of punitive damages in the circumstances of this case is

10

barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because the vague standard employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct.

G.      The recovery of punitive damages in the circumstances of this case is barred by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, since the purpose of punitive damages is to punish and deter, and there are no adequate procedural safeguards in place to protect a defendant's right against self-incrimination, right to proof beyond a reasonable doubt and right to freedom from unreasonable searches and seizures.

H.      The recovery of punitive damages in the circumstances of this case is barred by the provisions of the Constitution of the State of Illinois.  Such damages are precluded because the standards of recovery of the same are too vague to give notice of the conduct prohibited, and they would subject the defendants to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.

## Seventeenth Affirmative Defense

Fund, Inc. hereby gives notice that it intends to rely upon such other defenses as may come available or ascertained during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defense.

Wherefore, Fund, Inc. demands judgment dismissing the Complaint and awarding it costs, attorney's fees and such other and further relief as this Court deems just and proper.

11

## JURY DEMAND

Fund, Inc. hereby demands a trial by jury of the claims in this action.

Dated: October 29, 2004

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: _____

| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
TEMPLETON GLOBAL SMALLER
COMPANIES FUND, INC. AND
TEMPLETON INVESTMENT COUNSEL,
LLC

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 29th day of October, 2004:

George A. Zelcs, Esq.
KOREIN TILLERY
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
KOREIN TILLERY
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, Missouri 63101

Andrew S. Friedman
Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
2901 N. Central Avenue
Suite 1000
Phoenix, Arizona 85012

ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF MADISON COUNTY   FILED
STATE OF ILLINOIS

2005 JAN 27  PM 3: 13

CLER...
TH...

EDMUND WOODBURY, individually and on )
behalf of all others similarly situated,    )
                                             )
                Plaintiff,                   )
                                             )
vs.                                          )   Case No: 03-L-1362
                                             )
TEMPLETON GLOBAL SMALLER                     )
COMPANIES FUND, INC. and                     )
TEMPLETON INVESTMENT COUNSEL,                )
LLC,                                         )
                                             )
                Defendants.                  )

## TEMPLETON GLOBAL SMALLER COMPANIES FUND'S MOTION TO DISMISS PURSUANT TO DOCTRINE OF INTERSTATE FORUM NON CONVENIENS

Defendant Templeton Global Smaller Companies Fund ("Templeton Global Smaller Companies Fund" or the "Fund"), by its attorneys, respectfully moves the Court to dismiss this action pursuant to the doctrine of interstate forum non conveniens.

In support of its motion, Templeton Global Smaller Companies Fund states as follows:

### I. The Complaint

1.    Mr. Woodbury alleges that he is an investor in the Templeton Global Smaller Companies Fund, a Florida-based mutual fund, and purports to sue on behalf of himself and a putative class of other investors in the Fund. Co-defendant Templeton Investment Counsel, LLC ("Investment Counsel") is the Florida-based adviser to the Fund.

2.    The Complaint alleges that the defendants value the Fund's shares at 4:00 p.m. E.S.T. using the last trade price in the home market of each foreign security held by the Fund (Cplt. ¶ 11); those prices are allegedly "stale" since they allegedly do not reflect the current value of those shares at 4:00 p.m. E.S.T. when the value of the Fund shares is determined (Cplt. ¶ 16);

and so-called "market-timing traders" take advantage of the allegedly stale prices to obtain

excess profits at the expense of the Fund and its shareholders (Cplt. ¶¶ 30-31).

## II.   Ground for Dismissal:  The Doctrine of Interstate *Forum Non Conveniens*

3.      In Illinois, pursuant to the common law doctrine of interstate <u>forum non</u>

<u>conveniens</u>, the "court may decline jurisdiction of a case even though it may have proper

jurisdiction over all parties and the subject matter involved whenever it appears that there is

another forum that can better 'serve the convenience of the parties and the ends of justice.'"

<u>Cook v. General Elec. Co.</u>, 146 Ill. 2d 548, 588 N.E.2d 1087 (1992); <u>Adkins v. Chicago Rock</u>

<u>Island & Pac. R.R.</u>, 54 Ill. 2d 511, 514 N.E.2d (1973).

4.      Illinois courts consider both "private" and "public" factors in determining whether

a case should be dismissed pursuant to the doctrine of interstate <u>forum non conveniens</u>. "In

determining whether to dismiss a case under this doctrine, the private interests affecting the

convenience of the litigants and the public interests affecting the administration of the courts

must be balanced by the court." <u>Vinson v. Allstate</u>, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859

(1991).

5.      The "private" interest factors include: (1) the convenience of the parties; (2) the

relative ease of access to sources of proof; and (3) all other practical problems that make trial of

a case "easy, expeditious, and inexpensive," such as, the availability of compulsory process for

attendance of unwilling witnesses and the cost of obtaining attendance of such witnesses. <u>See</u>

<u>First Nat'l Bank v. Guerine</u>, 198 Ill. 2d 511, 516, 764 N.E.2d 54, 58 (2002); <u>Peile v. Skelgas,</u>

<u>Inc.</u>, 163 Ill. 2d 323, 336-37, 645 N.E.2d 184, 190-91 (1994).

6.      The "public" interest factors include: (1) court congestion; (2) the interest of

having "localized" controversies decided "at home"; and (3) the unfairness and burden of

2

imposing the expense of a trial and the obligation of jury duty on residents of an unrelated forum. See First Nat'l Bank v. Guerine, 198 Ill. 2d at 517, 764 N.E.2d at 58; Peile v. Skelgas, Inc., 163 Ill. 2d at 336-37, 645 N.E.2d at 190-91.   In applying the test, courts evaluate the "total circumstances" of the case, without placing central emphasis on any one factor.   First Nat'l Bank v. Guerine, 198 Ill. 2d at 518, 764 N.E.2d at 59.[1]

7.      Here, on the basis of those factors, the Court should dismiss this action pursuant to the doctrine of interstate forum non conveniens.

8.      The convenience of the parties supports dismissal.   None of the officers or directors of Templeton Global Smaller Companies Fund resides or works in Illinois; Templeton Global Smaller Companies Fund has no employees.   None of the employees or officers of Investment Counsel, which provides advisory services to Templeton Global Smaller Companies Fund, resides or works in Illinois; most are located in Florida.[2]   The challenged conduct — the allegedly improper valuation of portfolio securities of the Fund —did not occur in Illinois.   The fair value pricing occurred in Florida.

9.      The convenience of Plaintiff Woodbury is not a controlling consideration.   He has no first-hand knowledge of the challenged conduct.   The same is true for other members of his purported class.   Accordingly, the Court should not defer to Mr. Woodbury's choice of forum, particularly in a purported class action where a plaintiff's choice of forum is less significant than in an individual action.   Wheeler v. Kansas Turnpike Auth., 157 Ill. App. 3d 56, 59, 510 N.E.2d 62, 64 (1987).

---

[1] The application of the forum non conveniens doctrine has been addressed in a number of other Illinois Supreme Court decisions as well.   See, e.g., Cook, 146 Ill. 2d at 555, 588 N.E.2d at 1091; Washington v. Illinois Power Co., 144 Ill. 2d 395, 399, 581 N.E.2d 644, 645 (1991); Bland v. Norfolk and W. Ry., 116 Ill. 2d 217, 224, 506 N.E.2d 1291, 1294-95 (1987); Wieser v. Missouri Pac. RR., 98 Ill. 2d 359, 366-72, 456 N.E.2d 98, 102-04 (1983).

10.     None of the pertinent witnesses who are expected to testify in this action resides or works in Illinois.  Rather, they all live or work in Florida or California.  As noted, Mr. Woodbury himself is not a necessary witness at trial.

11.     Neither Templeton Global Smaller Companies Fund nor Investment Counsel has an office in Illinois.  Their offices are located in Florida.  Finally, the relevant documents are located principally in Florida.  Illinois Tool Works v. Sierracin Corp., 134 Ill. App. 3d 63, 70, 479 N.E.2d 1046, 1051 (1985).

12.     The public interest factors also support dismissal.  First and foremost, as already stated, the challenged conduct did not occur in Illinois.  In addition, the Illinois courts will not be able to enforce any judgment against the defendants, since they are not located in Illinois.  See, e.g., DeVries v. Bankers Life Co., 128 Ill. App. 3d 647, 654, 471 N.E.2d 230, 235 (1984).

13.     Templeton Global Smaller Companies Fund will file a memorandum of law setting forth its legal arguments and case authority.

Wherefore, for the reasons set forth herein, in the Affidavit of Robert C. Rosselot attached hereto as Exhibit A, and in the memorandum of law to be filed in support of this motion, Defendant Templeton Global Smaller Companies Fund respectfully requests that the Court grant the motion to dismiss the Complaint pursuant to the doctrine of interstate forum non conveniens.


Dated:    January 27, 2005


---

[2] As a limited liability company, Investment Counsel has no directors.

4

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: _____

| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY  10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
TEMPLETON GLOBAL SMALLER
COMPANIES FUND, INC. AND
TEMPLETON INVESTMENT COUNSEL,
LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 27th day of January, 2005:

George A. Zelcs, Esq.
KOREIN TILLERY
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois  60602

Stephen M. Tillery, Esq.
KOREIN TILLERY
10 Executive Woods Ct.
Swansea, Illinois  62226

Eugene Barash, Esq.
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, Missouri  63101

Andrew S. Friedman
Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
2901 N. Central Avenue
Suite 1000
Phoenix, Arizona  85012


ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

EDMUND WOODBURY, individually and on )
behalf of all others similarly situated, )
                                  )
              Plaintiffs, )
                                  )
vs. )         Case No: 03-L-1362
                                  )
TEMPLETON GLOBAL SMALLER )
COMPANIES FUND, INC. and )
TEMPLETON INVESTMENT COUNSEL, )
LLC, )
                                  )
             Defendants. )

**AFFIDAVIT OF ROBERT C. ROSSELOT**

State of Florida      )
                     ) ss.:
Broward County     )

      Robert C. Rosselot, being first duly sworn, deposes and states:

      1.  I am Secretary of Templeton Global Smaller Companies Fund ("Templeton Global Smaller Companies Fund").  I submit this Affidavit in support of Templeton Global Smaller Companies Fund's motion to dismiss the Complaint pursuant to the doctrine of interstate <u>forum non conveniens</u>.  I have personal knowledge of the matters set forth herein.

      2.  Defendant Templeton Global Smaller Companies Fund, a Delaware statutory trust formerly operating as a Maryland corporation, has its headquarters and principal place of business in Ft. Lauderdale, Florida.  Plaintiff Edmund Woodbury alleges he is a shareholder of the Fund.

      3.  The challenged conduct — the allegedly improper valuations of portfolio securities of the Fund and allegedly allowing "market timing" transactions in the Fund — did not occur in



Illinois.  Many Fund board meetings and all fair value pricing occurred in Florida.

4.   Templeton Global Smaller Companies Fund does not have an office in Illinois. None of its officers or directors resides or works in Illinois.   Templeton Global Smaller Companies Fund has no employees in Illinois or anywhere else; its activities are carried out, in some measure, by employees of co-defendant Templeton Investment Counsel, LLC ("Investment Counsel").

5.   Investment Counsel, a Delaware limited liability company, has provided investment advisory services to the Fund at all relevant times.  Investment Counsel has no office in Illinois — its offices are located in Florida.  None of the officers or employees of Investment Counsel resides or works in Illinois.  Most live and/or work in Florida.  As a limited liability company, Investment Counsel has no directors.

6.   The pertinent witnesses — especially the officers and employees with direct knowledge about market timing policies and the valuation of the foreign securities — reside and/or work in Florida.[1]  Very little or no travel would be required of the witnesses to attend a trial in Florida — unlike Illinois.  Indeed, there is no assurance that all those witnesses would appear at a trial in Illinois.  Their attendance at a trial in Illinois would require them to be absent from their work, possibly for an extended period of time.  Obviously, any disruption in the work of the persons managing or administering the Fund because of travel would not benefit the Fund or its shareholders.

---

[1] The witnesses are listed in Exhibit A.

7.  Mr. Woodbury himself cannot provide pertinent testimony at the trial; he has no first-hand knowledge of the challenged conduct.  The Complaint does not allege a single act by Mr. Woodbury or any member of his purported class.

8.  Templeton Global Smaller Companies Fund and Investment Counsel have no business records in Illinois.  The relevant business records are located principally in Florida.

10.  In sum, this purported class action has no connection whatsoever to Illinois other than the fact that Mr. Woodbury, one member of a large potential class, happens to live in Illinois.

_____
                                                                 Robert C. Rosselot

Subscribed and sworn to before me
this 26th day of January, 2005.

_____
        Notary Public

Karen S. Ciampa
Commission # DD 021489
Expires June 13, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

3

# EXHIBIT A

| Name | Address | Position |
|------|---------|----------|
| James D. Gambill | Fort Lauderdale, Florida | President of Franklin Templeton Services, LLC and Sr. Vice President and Chief Executive Officer – Finance and Administration of Templeton Global Smaller Companies Fund |
| Edward L. Geary | Fort Lauderdale, Florida | Sr. Vice President of Franklin Templeton Services, LLC |
| Thomas Johnson | St. Petersburg, Florida | Manager, Compliance |
| Andrew H. Hines, Jr. | St. Petersburg, Florida | Former Independent Director of Templeton Global Smaller Companies Fund |
| Charles B. Johnson | San Mateo, California and Miami, Florida | Chairman of the Board and Director of Templeton Global Smaller Companies Fund |